**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on November 20, 2008, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated: November 20, 2008**



_____
**Arthur I. Harris
United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 06-14882 |
| | ) | |
| GARY CUNNINGHAM, | ) | Chapter 7 |
|     Debtor. | ) | |
| | ) | Adversary Proceeding |
| CAROL J. CUNNINGHAM, | ) | No. 07-1025 |
|     Plaintiff, | ) | |
| | ) | Judge Arthur I. Harris |
| v. | ) | |
| | ) | |
| GARY CUNNINGHAM, | ) | |
|     Defendant. | ) | |
| | ) | |

MEMORANDUM OF OPINION[1]

On January 15, 2007, the plaintiff, creditor Carol J. Cunningham, filed the above-captioned adversary proceeding seeking a determination that a divorce judgment, awarding $113,214.00 in favor of Carol Cunningham and against Gary Cunningham, is a nondischargeable debt under 11 U.S.C. § 523(a)(15). For the

---

[1] This opinion is not intended for official publication.

reasons that follow the Court finds that the divorce judgment is a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(15), and Carol Cunningham's motion for summary judgment is granted.

## JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## FACTUAL AND PROCEDURAL HISTORY

The following facts are undisputed. On December 6, 1993, Gary Cunningham filed for divorce from his ex-spouse Carol Cunningham. On January 31, 1997, the Cuyahoga County Court of Common Pleas Domestic Relations Division issued a judgment entry in the divorce proceeding awarding $113,214.00 in favor of Carol Cunningham and against Gary Cunningham. Of the total amount, $105,214.00 was awarded as Carol Cunningham's share of the marital property, and $8,000.00 was awarded to pay attorney's fees and court costs.

On October 12, 2006, Gary Cunningham, filed a petition under Chapter 7 of the Bankruptcy Code, and on January 29, 2007, Cunningham received his discharge. On January 15, 2007, Carol Cunningham initiated the above-captioned

adversary proceeding against defendant Gary Cunningham seeking a determination that the 1997 divorce judgment is a nondischargeable debt under 11 U.S.C. § 523(a)(15). On February 22, 2007, Carol Cunningham filed proof of an unsecured priority claim in the amount of $218,644.00, which includes interest at a rate of 10% from the date of the divorce judgment.

On May 4, 2007, the parties filed a joint motion to stay the adversary proceeding pending the outcome of adversary proceeding #07-1146, involving property of Gary Cunningham's estate. An order granting the motion was issued on May 15, 2007. Adversary proceeding #07-1146 was resolved on July 11, 2008.

On August 21, 2008, the Court held a status conference. Carol Cunningham was ordered to file a motion for summary judgment by October 6, 2008. Gary Cunningham was ordered to file any response in opposition by October 20, 2008. On September 16, 2008, Carol Cunningham filed a motion for summary judgment. Gary Cunningham did not file a response in opposition by the Court's deadline; therefore, the Court is now ready to rule.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment:

3

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997); *see, e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. *Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

Absent such evidence from the nonmoving party in a motion for summary judgment, the Court need not excavate the entire record to determine if any of the available evidence could be construed in such a light. *See In re Morris*, 260 F.3d

654, 665 (6th Cir. 2001) (holding that the "trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact"); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1389 (6th Cir. 1993) (same).

DISCUSSION

The plaintiff seeks a finding of nondischargeability under 11 U.S.C. § 523(a)(15). A general discharge under 11 U.S.C. § 727(a) excepts from discharge those debts of the kind specified under section 523(a). *See* 11 U.S.C. § 727(b). Section 523(a)[2] provides in pertinent part:

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –
>
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court record . . . .

Under former section 523(a)(15), a debtor could discharge non-support divorce obligations if the debtor did not have the ability to pay the debt, or if the benefit of discharge to the debtor outweighed any detriment to the former spouse. However,

---

[2] This bankruptcy case was filed after October 17, 2005, the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109-8, 119 Stat. 23 (BAPCPA). Therefore, all references to the Bankruptcy Code are to the current version of the Bankruptcy Code as amended by the BAPCPA.

5

BAPCPA entirely eliminated these exceptions. *See In re Williams*, No. 07-3101, 2008 WL 3895538, at *2 (Bankr. N.D. Ohio 2008) (after BAPCPA any debt falling within the scope of section 523(a)(15) is absolutely nondischargeable). "The plain language of the statute now provides that all debts which do not qualify as domestic support obligations are nondischargeable." *In re Johnson*, No. 07-5054, 2007 WL 3129951, at *3 (Bankr. N.D. Ohio 2007). Therefore, to be excepted from discharge under section 523(a)(15), Carol Cunningham must establish that the debt in question: (1) is owed to a spouse, or former spouse; (2) is not a domestic support obligation as referenced in section 523(a)(5); and (3) was incurred in connection with a separation agreement or divorce decree. *See In re Williams*, 2008 WL 3895538, at *3; *In re Harrison*, No. 07-3571, 2008 WL 782577, at *1 (Bankr. W.D. Ky. 2008); *In re Sears*, No. 07-3175, 2008 WL 111231, at *2 (Bankr. N.D. Ohio 2008); *In re Schweitzer*, 370 B.R. 145, 150 (Bankr. S.D. Ohio 2007).

All the requirements of section 523(a)(15) have been met by Carol Cunningham. There is no dispute that the debt in question is owed by Gary Cunningham to his former spouse, Carol Cunningham. There is also no dispute that the debt was incurred in connection with a divorce decree. A judgment entry was issued by the domestic relations court on January 31, 1997. In addition, the

6

07-01025-aih   Doc 21   FILED 11/20/08   ENTERED 11/20/08 10:32:40   Page 6 of 7

debt at issue is not a domestic support obligation. Of the $113,214.00 awarded to Carol Cunningham in the divorce decree, $105,214.00 was awarded as Carol Cunningham's share of the marital property, and $8,000.00 was awarded to pay attorney's fees and court costs from the divorce proceeding. There is a separate portion of the divorce decree ordering monthly spousal support payments to Carol Cunningham in the amount of $306.00. However, the portion of the divorce decree concerning spousal support is not at issue in this adversary proceeding. As such, the debt is nondischargeable pursuant to section 523(a)(15).

## CONCLUSION

For the foregoing reasons, the Court finds that the divorce judgment is a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(15), and Carol Cunningham's motion for summary judgment is granted.

IT IS SO ORDERED.